## COMMONWEALTH vs. WILLIAM F. DOW.

A by-law of a town, made under Rev. Sts. c. 58, § 10, concerning the licensing, regulat ing and restraining of dogs going at large within the town, will be construed to apply only to dogs owned or kept in the town, although, in its terms, it applies to " any per- son permitting his dog to go at large within the town ; " and if it is otherwise valid, it may be enforced against the owner or keeper of a dog within the town.

The same section in a by-law of a town imposed a penalty of $10 on any person permit- ting his dog to go at large in the town, unless the dog should be licensed to go at large, and should wear a collar with the name of the owner or keeper, and the word " licensed " distinctly marked thereon ; and the further penalty of $10, if said dog should wear a collar without license. *Held,* that although the latter part of this section might be repugnant to the Rev. Sts. c. 58, § 12, and therefore void, yet that the former part was valid, and that the penalty thereby imposed was recoverable of a per- son who permitted his dog to go at large without being licensed.

The penalties, imposed by the by-laws of the town of New Bedford in relation to dogs may be recovered by complaint before the police court of that town.

A dog is " going at large " in a town, if he be loose and following the person who has charge of him, through the streets of the town, at such a distance that he cannot exercise a control over the dog, which will prevent his doing mischief.

THIS was an appeal from a judgment of the police court of the town of New Bedford, rendered upon a complaint made to that court by Stephen Curtis, register of dogs, wherein it was alleged that the defendant, on the 26th of June 1845, " was an inhabitant of the said town of New Bedford, and was then and there the owner and keeper of a certain dog within said town, and did then and there suffer and permit his said dog to go at large within the limits of said town, he the said Dow not being then duly licensed according to the by-laws of said town," (which were set forth in the complaint,) " to permit his said dog to go at large as aforesaid." The judgment of said court was, " that the said Dow, for the offence aforesaid, pay a fine of ten dollars, to be disposed of agreeably to the by-laws of said town of New Bedford, and costs of prosecu- tion," &c.

On the trial of the appeal, in the court of common pleas, before *Ward*, J. it was proved that said town made the by-laws which are copied in the margin,* and that they were

* At an adjournment of the annual meeting of the inhabitants of New Bed ford, held on the 18th day of April 1842, it was voted to adopt the following by-laws in relation to dogs :

1st The selectmen annually, as soon after their election as may be, shall

approved by the court of common pleas for the county of Bristol, conformably to the Rev. Sts. *c.* 15, § 13.   It was also

appoint some suitable person, who shall give security for the faithful discharge of the duties of his office, to be register of dogs, who shall annually account to the selectmen for all fines and taxes collected by him, as hereafter provided, and who shall receive, as a full compensation for all services hereinafter named, the sum of $50 annually.   And the selectmen shall, on or before the first day of May next, appoint some suitable person to be register of dogs, as aforesaid, to hold his office until the annual appointment as above.   2d.   No dog, belonging to or kept by any inhabitant of the town, shall go at large within the limits of said town, at any season of the year, unless the owner or keeper of such dog shall be licensed to permit such dog to go at large, as aforesaid, in the manner hereinafter provided.   3d.   The register of dogs in said town may grant a license to any inhabitant of said town, for his or her dog to go at large within the limits of said town, upon the condition that such dog shall wear a collar with the name of the owner or keeper, and the word " licensed " distinctly marked thereon.   And every person procuring such license, shall pay therefor annually the sum of two dollars   4th.   Any person permitting his or her dog to go at large in said town, in violation of either of the aforesaid by-laws, shall forfeit and pay the sum of ten dollars for each and every offence.   And it is hereby made the duty of the register of dogs rigidly to enforce the aforesaid provisions, and to prosecute for every violation of these by-laws that shall come to his knowledge.   5th.   The register of dogs shall offer a reward of one dollar for the destruction of each and every dog found going at large, contrary to the provisions of the foregoing by-laws, and shall pay the same, from the sums paid for licenses, as aforesaid, from fines recovered for violations of said laws, or from any money in the treasury, under the direction of the selectmen.

At an adjournment of the annual meeting of the inhabitants of New Bedford, held on the 6th day of May 1843, it was voted, that the fourth and fifth sections of the by-laws of the town, in relation to dogs, be stricken out, and the following put in their place, which two substituted sections, when approved by the proper authority, are to be a part of the by-laws of the town :

4th.   Any person permitting his or her dog to go at large in said town, in violation of either of the aforesaid by-laws shall forfeit and pay the sum of ten dollars, and the further sum of ten dollars, if said dog wears a collar without license, together with the costs of prosecution, for each and every offence ; one half of the additional fine of ten dollars to go to the register of dogs, which shall be in addition to the compensation allowed by the first section of these by-laws ; and the other half to the informer.   And it is hereby made the duty of the register of dogs rigidly to enforce the aforesaid provisions, and to prosecute for every violation of these by-laws, that shall come to his knowledge.   5th.   The register of dogs shall offer a reward of fifty cents for the destruction of each and every dog found going at large contrary to the provisions of the foregoing by-laws, and shall pay the same from sums received for licenses, from fines received for violations of said by-laws, or from money in the treasury, under the direction of the selectmen.

proved that the complainant was duly appointed register of dogs, pursuant to said by-laws.

The defendant's counsel contended that the complaint could not be sustained, and that a *qui tam* action was the only legal process in such case. He also contended that the by-laws of the town were unconstitutional and void; 1st, because they provide for the imposition of a penalty larger than the statutes of the Commonwealth prescribe in such cases; 2d, because they do not provide for the restraint of dogs in New Bedford, nor for the appointment of a register of dogs in the town of New Bedford, but are, from their terms, applicable as well to other towns as to that town; 3d, because, in providing for the imposition of a penalty in cases where dogs are at large with a collar, but without a license, the said by-laws conflict with the provisions of the revised statutes.

These objections were overruled, and the case went to the jury upon the following facts agreed: " The defendant was an inhabitant of the town of New Bedford, on the 26th of June 1845, and owned a dog, which was kept in said town, and was not licensed. On that day, the dog left the defendant's store (where he was usually kept chained) with a clerk of the defendant, and followed said clerk through the streets of the town, not being confined, and following the clerk, generally, at a distance of from two to three rods, and was usually under the control of the clerk, and obedient to his call."

It was contended by the counsel for the defendant, that the dog was not at large, within the meaning of the by-laws. But the judge instructed the jury, that " if, upon the facts of the case, they were satisfied that the dog was by the side of the owner, or of his servant having the especial charge of him, or was so near to him that he might be controlled, and prevented from doing mischief, although he was not tied, he was not, in point of law, at large; but if they were satisfied that he was following, through the streets, his master, or the clerk of his master, loose, and at such a distance as that such control could not be exercised as would prevent mischief, he was at large, within the meaning of the law."

The jury found the defendant guilty, and he alleged exceptions to the said ruling and instructions.

*Coffin*, for the defendant.

*Eliot*, for the Commonwealth.

DEWEY, J. The authority to make by-laws as to the licensing, regulating and restraining of dogs going at large, and to affix penalties for the violation of the same, is given to towns by Rev. Sts. *c.* 58, § 10. But it is objected to the validity of the by-law, in the present case, that, in the form in which it was adopted, it was not confined to dogs owned or kept in New Bedford, but was of general application to all dogs in the Commonwealth, and therefore not within the authority vested in the town. It is a sufficient answer to this objection, that although the language of the by-law is general, yet it is to be read and understood as applying to cases within the town of New Bedford; there being no direct words, in the by-law itself, giving it a more extended application; and we are to assume that the town intended to act within the limits of the authority vested in it by the statute. If there were a prosecution under this by-law, against one not amenable to the by-laws of New Bedford, such excess of jurisdiction might well be relied upon as a defence, if the language of the by-law was open to the construction given to it by the counsel for the defendant.

It is then urged, that the by-laws of New Bedford, regulating the going at large of dogs, and licensing the same, are invalid in law, as they contravene the general provisions of the Rev. Sts. *c.* 58, §§ 10 – 12. The precise objection is this: The by-law of the town, passed May 6th 1843, in § 4, affixes a penalty of ten dollars for permitting a dog to go at large, and also a further penalty of ten dollars if said dog wear a collar without license ; and this latter penalty is said to conflict with § 12 of *c.* 58 of Rev. Sts. which requires that any person, who shall keep or own any dog, shall cause to be constantly kept about the neck of such dog a collar, with the name and place of residence of such owner or keeper legibly marked on the same. There would seem to be a conflict between these two

requirements ; and if such should be found to be the case, the by-law must be held inoperative, as it is not to be repugnant to the general laws.    But if this be so, the repugnancy applies only to the penalty annexed to the wearing of a collar without license.    The other penalty of ten dollars for permitting a dog to go at large, although found in the same section, as arranged in the by-laws, is wholly distinct in its provisions, and in the penalty.    This exercise of authority, in restraining dogs going at large, is clearly within the power of the town, and may be enforced.    The complaint, in the present case, is wholly restricted to the offence of permitting the dog to go at large, and the by-law which imposes a penalty for that act being well authorized by the statute, it is unnecessary to determine as to the validity of the by-law making it a penal offence to permit a dog to wear a collar without a license.

It is then further objected, that this form of proceeding by complaint is not authorized by law.    The Rev. Sts. c. 15, § 13, provide that penalties for the violation of the by-laws of ι town may be recovered by complaint before a justice of the peace ; and St. 1834, c. 33, § 1, gives jurisdiction to the police court of the town of New Bedford of all misdemeanors, &c. committed within that town, of which justices then had or thereafter might have cognizance.    The prosecution for the penalty, in the manner adopted in the present case, was fully authorized.

The only remaining exception taken by the defendant is to the instructions of the presiding judge as to what constitutes going at large by a dog, within the meaning of the by-law. We are all quite clear that the instructions were sufficiently favorable to the defendant.    The object and purposes of the by-law, and the mischief to be avoided by enforcing its penalties, certainly require its application to be extended as far as it was by the ruling here given by the court of common pleas

*Exceptions overruled.*